# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| LOUIS LOPEZ, | ) |
| Petitioner, | ) |
| v. | ) NO. 2:19-cv-00055 |
| STATE OF TENNESSEE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Louis Lopez, a state prisoner, filed a *pro se* petition for the writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed a motion to dismiss the Petition as untimely (Doc. No. 12), and Petitioner filed a motion (Doc. No. 15) and supporting memorandum (Doc. No. 16) that the Court construes as a response to Respondent's motion to dismiss. Petitioner also filed a motion for summary judgment. (Doc. No. 18.) As explained below, both Respondent's motion to dismiss and Petitioner's motion for summary judgment will be denied, and Respondent will be directed to file an answer to the Petition.

## I. Background

On November 27, 2017, Petitioner pleaded guilty to one count of sexual exploitation of a minor in the DeKalb County Criminal Court. (Doc. No. 10 at 18–19.) Petitioner and the State agreed that Petitioner would serve a term of seven (7) years' imprisonment with release eligibility at 30% service, and the trial court approved the agreement. (Id. at 19) The trial court sentenced Petitioner accordingly and signed the judgment on December 11, 2017. (Id. at 20.) The court clerk filed the judgment on December 19. (Id.) Petitioner did not appeal.

Petitioner did, however, file a *pro se* petition for post-conviction relief. He swore under penalty of perjury that he gave the petition to prison authorities for mailing on August 2, 2018 (id. at 33), and the trial court received it on August 6 (id. at 21). The court appointed post-conviction counsel, allowed an opportunity to file an amended petition, and set a hearing. (Id. at 30–31.) On December 11, 2018, Petitioner appeared at a hearing "and upon consultation with counsel, personally requested in open Court that his Petition be dismissed with the understanding that no further relief from the sentence is available to him." (Id. at 29.) The trial court entered an "Agreed Order Dismissing Petition for Post-Conviction Relief," stating that it "appeared . . . that the request should be granted" based on "the entire record in this cause." (Id.) The trial court signed this order on January 8, 2019 (id. at 29), and the court clerk filed it on January 22 (id.).

Petitioner then filed a habeas corpus petition in this Court. (Doc. No. 1.) He declared under penalty of perjury that he placed the Petition in the prison mailing system on July 11, 2019 (id. at 15), and the Court received it on July 15 (id. at 1).

## II. Timeliness of the Petition

There is a one-year statute of limitations for filing federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). This one-year period begins to run "from the latest of" four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The running of the limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Here, because Petitioner did not file a direct appeal, the Court begins by determining "the expiration of the time for seeking" direct review. That is, the Court must determine when the "time for seeking direct review in the Tennessee Court of Criminal Appeals expired." Martin v. Phillips,

No. 17-5499, 2018 WL 5623651, at *2 (6th Cir. July 13, 2018) (citing Tenn. R. App. P. 4(a)). And under Rule 4(a) of the Tennessee Rules of Appellate Procedure, Petitioner had to file a notice of appeal "within 30 days after the date of entry of the judgment appealed from."

Respondent argues that this 30-day period started running on November 27, 2017—the date Petitioner pleaded guilty. (Doc. No. 13 at 2.) Respondent is mistaken. As explained by the Tennessee Court of Criminal Appeals, "the effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge." State v. Vaughn, 279 S.W.3d 584, 593 (Tenn. Crim. App. 2008) (quoting State v. Stephens, 264 S.W.3d 719, 727–29 (Tenn. Crim. App. 2007), abrogated on other grounds). Here, that date is December 19, 2017. Petitioner's judgment became final 30 days after that, on January 18, 2018.

The one-year period to file a federal habeas corpus petition started running the next day, on January 19, 2018. See Taylor v. Palmer, 623 F. App'x 783, 785 n.2 (6th Cir. 2015) (citing Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000)) (explaining that the start of this limitation period is calculated "based on the application of Federal Rule of Civil Procedure 6(a)'s standards for computing periods of time such that when the last day of a designated time period ends, the next applicable time period does not being to run until the following day"). It continued to run until Petitioner filed a petition for post-conviction relief in the DeKalb County Criminal Court.

The Court considers Petitioner's post-conviction petition filed as of August 2, 2018—the date he swore under penalty of perjury that he gave it to prison authorities for mailing.[1] At that

---

[1] Respondent, on the other hand, argues that Petitioner's post-conviction petition was filed on August 6, 2018—the date it was received in the trial court. (Doc. No. 13 at 3.) And to be sure, it is unclear whether the plain language of the Tennessee Supreme Court rule establishing the "prison mailbox rule" for certain *pro se* post-conviction filings applies to a post-conviction filing that is *timely*. See Shade v. Washburn, No. 3:19-CV-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (noting that Tenn. Sup. Ct. R. 28, § 2(G) "does not specify the date" to deem filed a *pro se* prisoner's timely post-conviction filing). But it appears that, in at least one opinion, the Tennessee Court of Criminal Appeals deemed a timely post-conviction petition filed when it was "presented to prison officials for mailing." See Dowell v. State, No.

time, the limitation period was tolled with 170 days remaining. Respondent argues that the post-conviction petition remained pending until January 8, 2019—the date the trial court judge signed the "Agreed Order Dismissing Petition for Post-Conviction Relief." (Doc. No. 13 at 3.) Respondent is again mistaken, as the order dismissing the post-conviction petition is properly deemed entered on January 22, 2019—the date the court clerk filed it. See Graham v. State, 90 S.W.3d 687, 690 (Tenn. 2002) (considering an order denying a petitioner's motion to reopen a post-conviction petition entered on the day it was filed by the court clerk, not the day it was signed by the trial judge).

Petitioner's limitation period resumed running again the next day, on January 23, 2019. Accounting for the 170 days remaining in the period, Petitioner's deadline to file a federal habeas corpus petition was July 12, 2019. And the Court deems Petitioner's habeas corpus petition filed on July 11, 2019, the date he declared under penalty of perjury that he placed the it in the prison mailing system. Miller v. Collins, 305 F.3d 491, 497–98 (6th Cir. 2002) (footnote omitted) (citing Houston v. Lack, 487 U.S. 266 (1988)). The Petition is therefore timely by one day, and the Court need not consider whether Petitioner is entitled to equitable tolling. Respondent's motion to dismiss the Petition as untimely will be denied.

## III. Petitioner's Remaining Motions

In response to the motion to dismiss, Petitioner filed a "Motion to Grant Equitable Tolling and Dismissal of Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus" (Doc. No. 15), along with a memorandum in support (Doc. No. 16). The Court considers these two filings collectively as a response to the motion to dismiss. And for the reasons explained above,

---

M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017) (citing Tenn. R. Crim. P. 49(d) and Tenn. Sup. Ct. R. 28, § 2(G)). Accordingly, this Court will do the same here.

the Court will deny the motion to dismiss without reaching the issue of equitable tolling. Accordingly, Petitioner's motion (Doc. No. 15) will be denied as moot.

Petitioner also filed a motion for summary judgment on his underlying Petition based on Respondent's failure to file a substantive answer or respond to his "Motion to Grant Equitable Tolling and Dismissal of Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus." (Doc. No. 18.) Petitioner's request for relief is misguided, as the Court's previous Order allowed Respondent to respond to the Petition by filing *either* an answer *or* a motion. (Doc. No. 7 at 2–3.) Thus, Respondent was not required to file a substantive answer while the motion to dismiss was pending. Respondent also was permitted, but not required, to file a reply following Petitioner's "Motion to Grant Equitable Tolling and Dismissal of Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus." Respondent's choice not to do so does not justify granting judgment in Petitioner's favor on the underlying Petition. Petitioner's motion for summary judgment will therefore be denied.

**IV.   Conclusion**

The Petition is timely by one day under the applicable statute of limitations, so Respondent's motion to dismiss the Petition as untimely (Doc. No. 12) will be denied. Petitioner's motion filed in response (Doc. No. 15) will be denied as moot, and his motion for summary judgment (Doc. No. 18) will be denied as well. Respondent shall file an answer to the Petition in accordance with the accompanying Order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE