# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| LOUIS LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 2:19-cv-00055 |
| ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Louis Lopez filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and a supplement to the Petition. (Doc. No. 5). Respondent filed an Answer (Doc. No. 23), and Petitioner filed a Reply (Doc. No. 28). As explained below, Petitioner is not entitled to relief under Section 2254 and this action will be dismissed.

**I.    Background**

A DeKalb County grand jury indicted Petitioner for knowingly possessing 50 or fewer images of a minor engaged in sexual activity, in violation of Tenn. Code Ann. § 39-17-1003. (Doc. No. 22-1 at 6). This offense is a Class D felony, and violators can be charged with a more serious felony (and thus be subject to harsher penalties) for possessing more images. Tenn. Code Ann. § 39-17-1003(d). Specifically, possessing 51 to 100 illegal images is a Class C felony, and possessing more than 100 is a Class B felony. Id.

Petitioner was arrested after employees at a computer repair shop found the illegal images on his computer. (Doc. No. 22-1 at 3). Following Petitioner's arrest, police seized several electronic items from Petitioner's address and sent them to a Tennessee Bureau of Investigation (TBI) lab for forensic evaluation. (Id. at 38–40).

In a letter dated July 12, 2017, the state communicated a plea offer to Petitioner's attorney. (Id. at 38–39.) The state acknowledged that it did not expect to receive the TBI's forensic reports for "several months," but it believed, based on Petitioner's "prior military conviction for a similar offense" and previous interview with law enforcement, that the TBI would "likely" find more than 100 illegal images on Petitioner's devices. (Id.). That, the state wrote, would "be a basis to supersede the indictment" to charge Petitioner with "the corresponding [C]lass B [f]elony." (Id. at 38). The state offered to resolve the case by Petitioner pleading guilty to the Class D felony, as charged, and agreeing to "take an eight (8) year sentence to serve, *out of range, by agreement*, at Range I, with a thirty percent release eligibility date." (Id. at 39 (emphasis in original)). The state described this resolution as providing "the certainty of conviction of the indicted offense now, and the incentive of reduced exposure of [Petitioner] to a much more serious offense months from now." (Id.).

On November 27, 2017, Petitioner pleaded guilty to the charged offense and agreed to serve seven years—not eight, as offered in the state's letter—in custody at 30% release eligibility. (Id. at 18–19 (signed Plea of Guilty and Waivers of Jury Trial and of Appeal)). The court accepted the agreement and imposed judgment, specifically noting on the judgment form: "By agreement of the parties and with approval of the Court, this sentence is outside the range." (Id. at 20).

Petitioner filed a pro se petition for post-conviction relief. (Id. at 21–26, 32–37). The court appointed counsel and set a hearing. (Id. at 30–31). Following the hearing, the court entered an Agreed Order stating: "[Petitioner] . . . appeared . . . and upon consultation with counsel, personally requested in open Court that his Petition be dismissed with the understanding that no further relief from the sentence is available to him." (Id. at 29). The court thus dismissed the post-conviction petition. (Id.).

## II. Claims

The Court liberally construes the Petition (Doc. No. 1) and Supplement (Doc. No. 5) to assert the following claims:

1. Trial counsel provided ineffective assistance by:

    1.A   Advising Petitioner to accept an out-of-range plea;

    1.B.  Failing to conduct the research necessary to find an appropriate sentence; and

    1.C   Failing to advise Petitioner of "other avenues available to" him.

2. Post-conviction counsel provided ineffective assistance by failing to:

    2.A   Advise Petitioner of "other avenues available to" him; and

    2.B   Be present when Petitioner addressed the post-conviction court.

3. Petitioner received an excessive sentence.

(Doc. No. 1 at 5–7; Doc. No. 5 at 1–3).

## III. Legal Standard

Federal habeas relief for state prisoners is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Harrington v. Richter, 562 U.S. 86, 97 (2011). AEDPA establishes a demanding standard for granting federal relief on claims "adjudicated on the merits" in state court. 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 102.

The federal review of claims rejected on the merits in state court, however, is ordinarily only available to petitioners who "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals (TCCA). Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). "[W]hen a petitioner fails to present a claim in state court, but that remedy is no longer available to him, the

claim is technically exhausted, yet procedurally defaulted." Atkins v. Holloway, 792 F.3d 654, 657 (6th Cir. 2015) (citing Jones v. Bagley, 696 F.3d 475, 483–84 (6th Cir. 2012)).

To obtain review of a procedurally defaulted claim, a petitioner must "establish 'cause' and 'prejudice,' or a 'manifest miscarriage of justice.'" Middlebrooks v. Carpenter, 843 F.3d 1127, 1134 (6th Cir. 2016) (citing Sutton v. Carpenter, 745 F.3d 787, 790–91 (6th Cir. 2014)). Cause may be established by "show[ing] that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Davila v. Davis, 137 S. Ct. 2058, 2065 (2017) (citation omitted). To establish prejudice, "a petitioner must show not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Garcia-Dorantes v. Warren, 801 F.3d 584, 598 (6th Cir. 2015) (quoting Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991)) (internal quotation marks omitted). And the manifest-miscarriage-of-justice exception applies "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392 (2004) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

**IV.     Analysis**

Respondent argues that Petitioner's claims must be dismissed because they are either not cognizable grounds for relief under Section 2254 or procedurally defaulted without cause. (Doc. No. 23 at 5–18). The Court agrees.

### A.     Claim 1—Ineffective Assistance of Trial Counsel

Petitioner asserts that trial counsel was ineffective in three ways. Counsel's representation is constitutionally ineffective where a petitioner demonstrates (1) deficient performance and (2) prejudice to the defendant. Knowles v. Mirzayance, 556 U.S. 111, 124 (2009) (citing Strickland

4

v. Washington, 466 U.S. 668, 687 (1984)). Performance is deficient where it falls "below an objective standard of reasonableness." Strickland, 466 U.S. at 687–88. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner did not present a claim for ineffective assistance of trial counsel to the TCCA at any point, and he can no longer do so based on Tennessee's one-year statute of limitations for post-conviction petitions. Tenn. Code. Ann. § 102(a). There are three narrow exceptions to the state post-conviction limitations period, but none apply to Petitioner's claims. See Hodges v. Colson, 727 F.3d 517, 530 (6th Cir. 2013) (citations omitted) (paraphrasing exceptions in Tenn. Code Ann. § 40-30-102(b) as applying to claim that is based on "a newly established constitutional right that applies retroactively, relies on scientific evidence that he is actually innocent, or involves a sentence enhanced because of a previous conviction that has been declared invalid"). Accordingly, Claim 1 is "technically exhausted, yet procedurally defaulted." Atkins, 792 F.3d at 657 (citing Jones, 696 F.3d at 483–84).

In some circumstances, ineffective assistance of post-conviction counsel may be used to establish the "cause" necessary "to consider the merits of a claim that otherwise would have been procedurally defaulted." Martinez v. Ryan, 566 U.S. 1, 17 (2012). This method of demonstrating cause is available for "a single claim—ineffective assistance of trial counsel." Davila, 137 S. Ct. at 2062–63 (discussing Martinez, 566 U.S. 1; and Trevino v. Thaler, 569 U.S. 413 (2013)). The

5

Court therefore construes Petitioner's claim of post-conviction ineffectiveness as an allegation of cause regarding Claim 1.

To determine whether a petitioner has demonstrated cause, the Court considers "(1) whether state post-conviction counsel was ineffective; and (2) whether [the petitioner's] claims of ineffective assistance of counsel were 'substantial.'" Atkins, 792 F.3d at 660 (citations omitted). "A substantial claim is one that has some merit and is debatable among jurists of reason." Abdur'Rahman v. Carpenter, 805 F.3d 710, 713 (6th Cir. 2015) (citing Martinez, 566 U.S. at 14). "In the converse, a claim is insubstantial when 'it does not have any merit'" or "'is wholly without factual support.'" Porter v. Genovese, 676 F. App'x 428, 432 (6th Cir. 2017) (quoting Martinez, 566 U.S. at 15–16). Here, Petitioner's ineffective assistance of counsel claims are insubstantial.

### 1. Claim 1.A—Advising Petitioner to Accept Out-of-Range Plea

Petitioner first asserts that trial counsel "talked [him] into accepting an out[-]of[-]range plea without letting [him] know that [the state] had" not yet received a forensic analysis of his property from the TBI. (Doc. No. 1 at 5). Because the state court record is limited in this case, it is difficult for the Court to assess the credibility of Petitioner's claim that counsel failed to communicate this information. But even if the Court credits Petitioner's factual assertion, and even assuming, without deciding, that counsel's failure to inform constituted deficient performance, this claim is without merit because Petitioner plainly fails to demonstrate prejudice. See Strickland, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

Where, as here, a petitioner claims that "ineffective assistance led to the improvident acceptance of a guilty plea," the prejudice prong of Strickland requires him to "show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded

guilty and would have insisted on going to trial.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Nowhere in Petitioner's filings does he assert —much less support with contemporaneous evidence—that he would have gone to trial unless certain plea conditions were present or, indeed, that he wanted to go to trial at *any* point before pleading guilty. (See Doc. No. 5 at 2–3 (describing back-and-forth plea negotiations with the state)). Petitioner makes quite clear that he does not contest his conviction, just his sentence.[1] (See id. at 2 ("I didn't want to fight the conviction because I knew I had earned it, but not the 7 years."); Doc. No. 28 at 1 ("I've never challenged my conviction.")). Put simply, a "claim of prejudice" based upon "an assertion that [a petitioner] wound up with a less favorable plea or sentence than he otherwise would have accepted with the advice of competent counsel . . . is insufficient to establish actual prejudice" in this context.[2] Short v. United States, 471 F.3d 686, 696–97 (6th Cir. 2006) (citing Hill, 474 U.S. at 59); see also Holts v. Curtin, No. 1:06-CV-737, 2008 WL 2095420, at *10 (W.D. Mich. May 16, 2008) (citing Hill, 474 U.S. at 60) ("Although petitioner has filed voluminous documents in state trial and appellate courts, and again in this court, in none of those papers did he ever assert that but for attorney error, he would have insisted on a trial on the original charge. Under the clear holding of the Supreme Court, in the absence of such an allegation, a petition is subject to summary dismissal."). Accordingly, Petitioner's claim that counsel was ineffective for advising him to accept an out-of-range plea is insubstantial.

---

[1] Petitioner also does not deny that the state could have used a superseding indictment to charge him with a more serious felony, subjecting him to a harsher sentence upon a finding of guilt, if the TBI's forensic analysis resulted in the discovery of a sufficient number of illegal images. (See Doc. No. 28 at 7 ("I had no idea what the state would find as I'm not a forensics expert.")).

[2] Because this is not a case where "a plea offer [] lapsed or [was] rejected because of counsel's deficient performance," Petitioner may not demonstrate prejudice by showing a "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." See Missouri v. Frye, 566 U.S. 134, 147 (2012) (citing Glover v. United States, 531 U.S. 198, 203 (2001)).

### 2.     Claim 1.B—Inadequate Research

Next, Petitioner asserts that counsel did not conduct the research necessary to find an appropriate sentence. In support, Petitioner argues that several defendants in Tennessee have "received much less time" despite being convicted under the same statute as Petitioner. (Doc. No. 5 at 1–2). However, each of these cases is distinguishable—for one thing, as Respondent correctly notes, the sentences imposed in these cases followed a jury's finding of guilt rather than a negotiated plea agreement. (See Doc. No. 23 at 12–14). And when accounting for the unique circumstances in Petitioner's case, counsel's negotiation of a seven-year sentence fell within the wide range of reasonable professional assistance.

Petitioner and Respondent agree that Petitioner was a Range I offender under Tennessee law when he pleaded guilty. (Doc. No. 1 at 7; Doc. No. 23 at 17). Petitioner and Respondent also agree that the sentencing range for a Range I offender convicted of a Class D felony—including Petitioner's offense of conviction for knowingly possessing 50 or fewer illegal images—was between two and four years, with 30% release eligibility. (Doc. No. 5 at 1; Doc. No. 23 at 17). As the state conveyed to counsel in its July 2017 letter, however, there would have been a basis to supersede the indictment and charge Petitioner with a Class B felony if the TBI's forensic analysis found more than 100 illegal images. And the sentencing range for a Range I offender convicted of this Class B felony was between eight and twelve years, with 100% mandatory service (less certain sentence credits). Tenn. Code Ann. §§ 40-35-112(a)(2); 40-35-501(i)(1), (2)(M).

In plea bargaining, as in other stages of a case where the Sixth Amendment applies, the Court must accord "substantial deference . . . to counsel's judgment." Premo v. Moore, 562 U.S. 115, 126 (2011) (citing Strickland, 466 U.S. at 689). Indeed, "strict adherence to the Strickland standard" is "all the more essential when reviewing the choices an attorney made at the plea

8

bargain stage." Id. at 125. And where the Court is reviewing counsel's plea-bargain performance in a case with an ongoing investigation or undeveloped record, there is "a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered." Id. at 126.

It is in this context that the Court considers counsel's negotiation and advice for Petitioner to accept a seven-year sentence, with 30% release eligibility. That term of years was above the sentencing range for the indicted offense, but below the sentencing range for the Class B felony Petitioner could have faced following the TBI's pending forensic analysis. That resolution also preserved the potential for a much earlier release eligibility date compared to a sentence on the Class B felony Petitioner could have faced. Petitioner's unsupported "[h]indsight and second guesses" of counsel's plea-bargain performance during a still-developing case cannot establish ineffective assistance. See id. at 132 ("Hindsight and second guesses are [] inappropriate, and often more so, where a plea has been entered without a full trial or, as in this case, even before the prosecution decided on the charges. The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance."). Petitioner simply fails to meet his "substantial burden" in these circumstances. See id. Accordingly, Petitioner's claim that counsel was ineffective for conducting inadequate research is insubstantial.

### 3. Claim 1.C—Other Available Avenues

Petitioner also asserts that counsel failed to advise him of "other avenues available to [him]." (Doc. No. 1 at 5). He specifically asserts that counsel should have informed him of possible "post-sentencing actions" that he claims were available to him under several state sentencing statutes. (Id. at 13–14 (citing Tenn. Code Ann. §§ 40-35-102, -103, -210, -401); Doc. No. 28 at 1–

9

2 (citing Tenn. Code Ann. § 40-35-105)). Petitioner also mentions the possibilities of post-conviction relief and a Rule 35 Motion. (Doc. No. 1 at 13–14). Because Petitioner has not demonstrated that any of these methods were actually viable ways for him to challenge his sentence, however, he cannot maintain a claim that counsel was ineffective for failing to advise him to pursue them.

First, the statutes cited by Petitioner are not independent grounds to challenge a specific sentence imposed in exchange for a guilty plea. Tennessee defendants may generally take a direct appeal from "the sentence imposed by the sentencing court," Tenn. Code Ann. § 40-35-401(a), but Petitioner waived his direct appeal rights by pleading guilty. (Doc. No. 22-1 (signed guilty plea form stating "I also understand that I am giving up my right to an appeal.")); see Phillips v. State, No. M2013-02026-CCA-R3-HC, 2014 WL 1663109, at *2 (Tenn. Crim. App. Apr. 23, 2014) (collecting cases) ("In the event a defendant enters into a plea-bargain, he or she waives any subsequent complaint about offender classification and length of sentence, 'so long as [the sentence] does not exceed the maximum punishment authorized for the plea offense.'").[3] Petitioner himself acknowledges as much. (Doc. No. 28 at 2 ("I had no direct appeal options.")).

Second, state law is clear that "[t]here is no appellate review of [a] sentence in a postconviction . . . proceeding." Tenn. Code. Ann. § 40-35-401(a); see also Jenkins v. State, No. E2010–00938–CCA–R3–PC, 2011 WL 810770, at *9 (Tenn. Crim. App. Mar. 9, 2011).

And third, although a defendant may file a motion to reduce sentence in the trial court "within 120 days after the date the sentence is imposed," Tenn. R. Crim. P. 35(a), the modification of a specific sentence imposed as part of a plea agreement "is possible . . . only in exceptional circumstances." State v. Patterson, 564 S.W.3d 423, 432 (Tenn. 2018) (discussing State v.

---

[3] Petitioner's agreed seven-year sentence was below the twelve-year maximum punishment authorized for his plea offense. See Tenn. Code Ann. § 40-35-111(b)(4).

10

McDonald, 896 S.W.2d 945 (Tenn. Crim. App. 1994)). A defendant must "show that post-sentencing information or developments had arisen to warrant a reduction of his sentence in the interest of justice." Id. (quoting McDonald, 896 S.W.2d at 947–48). There is nothing in the record reflecting that Petitioner had any post-sentencing information or developments that may have led to a Rule 35 motion to reduce sentence within the 120-day time limit (or, indeed, any time since). Therefore, Petitioner's claim that counsel was ineffective for failing to advise him of other avenues to challenge his sentence is insubstantial.

In sum, Petitioner's claims for ineffective assistance of trial counsel are procedurally defaulted and insubstantial under Martinez. Accordingly, Claim 1 will be denied.

### B. Claim 2—Ineffective Assistance of Post-Conviction Counsel

Petitioner asserts that post-conviction counsel was ineffective in two ways. As an independent ground for federal habeas relief, however, this claim is barred by statute and long-standing precedent. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.") (citations omitted). Claim 2 will therefore be denied.

### C. Claim 3—Excessive Sentence

Finally, Petitioner asserts that his sentence is excessive under both state and federal law. (Doc. No. 1 at 7; Doc. No. 5 at 3–4; Doc. No. 28 at 9–10). This claim is procedurally defaulted because Petitioner did not present it to the TCCA, and he can no longer do so. As cause to overcome this default, Petitioner points to the ineffective assistance of trial counsel. (Doc. No. 1 at 7). But "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default

of another claim can itself be procedurally defaulted." Hodges v. Colson, 727 F.3d 517, 530 (6th Cir. 2013) (quoting Edwards v. Carpenter, 529 U.S. 446, 453 (2000)). That is the case here. And because Claim 3 is an excessive-sentence claim, rather than a claim for ineffective assistance of trial counsel, Petitioner cannot rely on the alleged ineffectiveness of post-conviction counsel to excuse its default. See Davila, 137 S. Ct. at 2065–66 (limiting Martinez's reach to defaulted claims of "ineffective assistance of counsel at trial"). Accordingly, because Petitioner has not demonstrated cause to overcome its default, Claim 3 is not subject to further review.[4]

## V. Conclusion

For these reasons, Petitioner is not entitled to relief under Section 2254 and this action will be dismissed.

This is a "final order adverse to" Petitioner, so the Court must grant or deny a certificate of appealability (COA). Habeas Rule 11(a). A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "If the petition [is] denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack, 529 U.S. at 484).

---

[4] Even if this claim were not defaulted, moreover, Petitioner's argument that the state court erred in applying state sentencing law would not be reviewable in this federal habeas proceeding. Noonan v. Burton, No. 17-2459, 2018 WL 6584905, at *3 (6th Cir. Oct. 15, 2018) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

12

For the reasons stated throughout the Court's analysis, the Court concludes that Petitioner has not satisfied these standards and will deny a COA.

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE